**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | | |
|---|---|---|
| JEFFIE SIMMONS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-01149-SHM-tmp |
| | ) | |
| CHESTER COUNTY, TENNESSEE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER DENYING REQUEST FOR INJUNCTIVE RELIEF; DISMISSING THE
COMPLAINT (ECF NO. 1); AND GRANTING LEAVE TO AMEND CLAIMS
DISMISSED WITHOUT PREJUDICE**

On July 25, 2023, Plaintiff Jeffie Simmons, Jr., inmate number 31220, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (the "Complaint", ECF No. 1) and a motion for leave to proceed *in forma pauperis* (ECF No. 2). When Simmons filed the Complaint, he was incarcerated at the Chester County Jail (the "CCJ") in Henderson, Tennessee. (ECF No. 1.) On July 26, 2023, the Court granted Simmons' application to proceed *in forma pauperis* and assessed the three hundred and fifty dollar ($350.00) civil filing fee. (ECF No. 4.) On August 31, 2023, Simmons filed a change of address notifying the Court of his current address in Paris, Tennessee. (ECF No. 8.)

Simmons' Complaint (ECF No. 1) is before the Court.

The Complaint is based on incidents that occurred from July 24 through September 2022, when Simmons was arrested and incarcerated at the CCJ. (*See* ECF No. 1.) The Complaint is liberally construed to assert claims for false arrest, unreasonable search and seizure, and due process violations. (ECF No. 1 at PageID 2-5.) Simmons names three Defendants: 1) Steve

Davidson, Chester County Sheriff's Deputy; 2) Seth Preslar, Chester County Investigator; and 3) Chester County, Tennessee. (ECF No. 1 at PageID 1, 2.) The Complaint does not specify in what capacity Simmons sues each Defendant. (*See* ECF No 1.)

Simmons seeks injunctive relief and "compensatory and punitive damages[.]" (*Id.* at PageID 6.)

For the reasons explained below, the Court: (1) DENIES AS MOOT Simmons' request for injunctive relief; (2) DISMISSES Simmons' § 1983 claims WITHOUT PREJUDICE for failure to state a claim to relief (ECF No. 1); and (3) GRANTS leave to amend the claims dismissed without prejudice.

## I.  **BACKGROUND**

On July 24, 2022, Simmons alleges a robbery occurred in Chester County, Tennessee, at 11:30 a.m. on Hurt Cemetery Road (the "Robbery"). (ECF No. 1 at PageID 2.) Simmons alleges a silver Jeep was a vehicle of interest in the Robbery. (*Id.*) Simmons alleges that on the same day, around 6:43 p.m., Chester County Sheriff's Deputy Steve Davidson "initiated a stop" on Simmons' green Jeep Grand Cherokee. (*Id.*) Simmons alleges the stop lacked probable cause. (*Id.*) Simmons alleges another individual, C. Quienton Woods was a passenger in his vehicle when Davidson stopped Simmons' vehicle. (*Id.* at PageID 3) Simmons alleges Davidson approached the vehicle with Davidson's gun drawn and ordered Simmons and Woods out of the vehicle. (*Id.*) Davidson told Simmons that Simmons' license was suspended and that was the cause for the stop. (*Id.*) Simmons alleges Davidson placed Simmons in handcuffs and performed a pat-down. (*Id.*) Simmons alleges he provided personal information to Davidson to verify his identity and that a license query was then conducted. (*Id.*) Simmons alleges "Sheriff Deputies" took photographs of Simmons and Woods without their permission. (*Id.*) Simmons alleges "the officers['] actions . .

. were not reasonably related to the traffic stop, and the time, manner, and scope of the investigation exceeded the proper parameters which deemed the stop unreasonable." (*Id.*)

Simmons alleges that, when he did not give Davidson consent to search his vehicle, he was detained in Davidson's patrol vehicle. (*Id.*) Simmons alleges he asked Davidson for permission to call someone to "make arrangements" for his vehicle, and Davidson denied Simmons' requests. (*Id.*) Davidson then took Simmons to jail for driving on a suspended license. (*Id.*) Simmons alleges Davidson issued "a citation in lieu of arrest", "constituting a (sic) illegal seizure." (*Id.*)

Simmons alleges that, when he was arrested by Davidson, Simmons' vehicle was parked in a legal parking spot at an apartment complex. (*Id.*) "Sheriff Deputies unlawfully seized" Simmons' vehicle and performed an "inventory search" that "produced" a handgun inside a bag located in the passenger side floorboard. (*Id.* at PageID 3-4.) Simmons alleges the handgun belonged to his passenger Woods. (*Id.* at PageID 4.) Simmons was charged with unlawful possession of a weapon by a felon. (*Id.*) Simmons alleges the search of his vehicle was a violation of his Fourth Amendment right to be free from unreasonable searches and seizures. (*Id.*)

Simmons alleges he was unlawfully detained by Seth Preslar, an investigator for the Chester County Sheriff's Department. (*Id.*) Simmons alleges that, after his arrest, Preslar placed Simmons on an investigative hold "without probable cause." (*Id.*) Simmons alleges the day after his arrest, the Chester County Sheriff's Department posted an article in the Chester County Independent asking for help from the public in the investigation of the Robbery. (*Id.*) Simmons alleges the victims of the Robbery said, "they arrested the wrong guys." (*Id.*)

Simmons alleges that, on July 27, 2022, arrest warrants were issued for Simmons because of statements Woods made that implicated Simmons as a participant in the Robbery. (*Id.*) Simmons alleges Preslar was a participant in the "sham inventory search" and that the

"unnecessary delay" was to gather evidence to "justify the arrest." (*Id.*) Simmons alleges his "warrantless arrest" required a "prompt judicial determination of probable cause." (*Id.*)

Simmons alleges his due process rights were violated by Chester County, Tennessee. (*Id.*) On August 2, 2022, Simmons alleges he was arraigned on charges of driving on a suspended license and the unlawful possession of a weapon by a felon. (*Id.*) Simmons alleges a citation was issued and bail was set at one hundred thousand dollars ($100,000.00). (*Id.*) Simmons alleges that "days later" he was arraigned on all charges related to the Robbery and bond was set at two hundred and fifty thousand dollars ($250,000.00). (*Id.*)

Simmons alleges a preliminary hearing was held on September 15, 2022, and the alleged victims of the Robbery, although available, were not allowed to testify. (*Id.* at PageID 5.) Simmons alleges the charges related to the Robbery were "*nolle prosequi*" and the charges for driving on a suspended license and unlawful possession of a weapon by a felon were bound to the grand jury. (*Id.*) Simmons alleges the "judge refused to lower my bond." (*Id.*) Simmons alleges his substantive due process right to be free from punishment until adjudicated guilty was violated because his pre-indictment and pretrial detention were punitive. (*Id.*) Simmons alleges he was deprived of his right to a full preliminary hearing and his right to confrontation because the "same witnesses" available at the preliminary hearing, but not allowed to testify, were allowed to testify at the grand jury "to secure an indictment against me." (*Id.*)

## II.    SCREENING

### A.    LEGAL STANDARD

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint — (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§ 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).  In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007), and in *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).  Applying those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.  Federal Rule of Civil Procedure 8 provides guidance on this issue.  Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  It also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.  Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers.  "Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).  *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

### B.    § 1983 Claims

Simmons sues under 42 U.S.C. § 1983.  (*See* ECF No. 1 PageID 1.)  To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

## III.    ANALYSIS

### A.    Davidson, Preslar, and Chester County, Tennessee

Simmons does not specify whether he sues Davidson and Preslar in their official or individual capacities.  Although it is preferable that a plaintiff state explicitly whether a defendant is sued in his or her "individual capacity," the failure to do so is not fatal if the "course of proceedings" indicates that the defendant received sufficient notice that the intent was to hold the defendant personally liable.  *Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001).  The Sixth Circuit has applied a "course of proceedings" test to determine whether § 1983 defendants have received notice of the plaintiff's intent to hold a defendant personally liable. *Id.* at 773; *see Rashada v. Flegel*, No. 23-1674, 2024 WL 1367436, at *3 (6th Cir. Apr. 1, 2024); *see also Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985) (noting that the "course of proceedings" in unspecified capacity cases typically will indicate the nature of the liability sought to be imposed).  The "course of proceedings" test considers the nature of the plaintiff's claims, requests for compensatory or punitive damages, the nature of any defenses raised in response to the complaint, and whether subsequent filings put the defendant on notice of the capacity in which he or she is sued.  *Moore*, 272 F.3d at 772 n.1 (citing *Biggs v. Meadows*, 66 F.3d 56, 61 (4th Cir. 1995)).  Simmons requests "compensatory and punitive damages" generally unlike the plaintiff in *Moore* who by seeking damages against "each of the defendants" and by referring to the defendants as "individual defendants" throughout the complaint was found to have put defendants on notice

that they were being sued in their individual capacities.  *Moore*, 272 F.3d at 773. Requests for damages alone are insufficient to put a defendant on notice that he is being sued in his individual capacity.  *Shepherd v. Wellman*, 313 F.3d 963, 969 (6th Cir. 2002).

The course of proceedings to date indicate that Simmons is pursuing a claim against Defendants Davidson and Preslar in their official capacities.   The official capacity claims in Simmons' Complaint are treated as claims against Davidson and Preslar's employer — Chester County.  *See Jones v. Union Cty., Tennessee*, 296 F.3d 417, 421 (6th Cir. 2002) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)).  Simmons does not state a claim against Chester County.

Chester County may be held liable only if Simmons' injuries were sustained pursuant to an unconstitutional custom or policy.  *See Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691-92 (1978).  To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy."  *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).  "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'"  *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)).  Simmons does not allege that he has been deprived of a right because of a policy or custom of Chester County.  Miller instead seeks relief based on general allegations about his experiences during his arrest and incarceration at CCJ.  Although civil rights plaintiffs are not required to plead the facts demonstrating municipal liability with particularity, *Leatherman v. Tarrant Cnty.*

*Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993), the complaint must be sufficient to put the municipality on notice of the plaintiff's theory of liability, *see, e.g.*, *Fowler v. Campbell*, No. 3:06CV-P610-H, 2007 WL 1035007, at *2 (W.D. Ky. Mar. 30, 2007). The allegations in the Complaint fail to identify an official policy or custom of Chester County that injured Simmons.

Simmons does not state a claim against Chester County or against any Defendant in that Defendant's official capacity. Simmons' claims against Davidson, Preslar and Chester County, Tennessee are DISMISSED WITHOUT PREJUDICE for failure to allege facts stating claims to relief.

### B.    Request for Injunctive Relief

Simmons seeks injunctive relief "prohibiting deceptive acts such as issuing warrants without probable cause." (ECF No. 1 at PageID 6.) Because all of Simmons' § 1983 claims are being dismissed, and because Simmons is no longer at CCJ, his request for injunctive relief is moot. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (claim for declaratory or injunctive relief is rendered moot by the plaintiff's transfer to a different prison facility); *Moore v. Curtis*, 68 F. App'x 561, 562 (6th Cir. 2003) (claims for declaratory and injunctive relief against prison and prison staff moot when inmate transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same).

## IV.    AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff

to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (*per curiam*) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded").  Leave to amend is not required where a deficiency cannot be cured.  *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed.  If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").  The Court grants leave to amend the Complaint under the conditions set forth below.

V.    **CONCLUSION**

For the reasons set forth above:

A.    The Court DISMISSES WITHOUT PREJUDICE Simmons' § 1983 claims against Davidson, Preslar and Chester County, Tennessee for failure to state a claim, under 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1);

B.    Simmons' request for injunctive relief is DENIED AS MOOT;

C.    Leave to amend the claims dismissed without prejudice is GRANTED.  Amended claims must be filed within twenty-one (21) days of the date of this Order.  An amended pleading must comply with the Federal Rules of Civil Procedure, including but not limited to Rule Eight's requirement of a short and plain statement of Simmons' claims.  An amended complaint supersedes the Complaint and must

be complete in itself without reference to the prior pleadings. Simmons or his counsel must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the amended complaint. All claims alleged in an amended complaint must arise from the facts alleged in the Complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count. If Simmons fails to file an amended complaint within the time specified, the Court will dismiss the Complaint with prejudice and enter judgment; and

D.      Simmons is ORDERED to notify the Court immediately, in writing, of any change to his current address. If Simmons fails to provide the Court with his current address or fails to follow any other requirements of this order, the Court may impose appropriate sanctions, up to and including dismissal of this action, without any additional notice or hearing by the Court.

IT IS SO ORDERED, this  2d  day of July 2025.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE