IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JEFFIE SIMMONS, JR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:23-cv-01149-SHM-tmp |
| ) | |
| CHESTER COUNTY, TENNESSEE, ET AL., ) | |
| ) | |
| Defendants. ) | |

**ORDER DISMISSING CASE WITH PREJUDICE;
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH;
NOTIFYING PLAINTIFF OF THE APPELLATE FILING FEE;
NOTIFYING PLAINTIFF OF THE COURT'S STRIKE RECOMMENDATION
UNDER 28 U.S.C. § 1915(g); AND CLOSING CASE**

On July 25, 2023, Plaintiff Jeffie Simmons, Jr., filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On July 26, 2023, the Court granted leave to proceed *in forma pauperis*. (ECF No. 4 (the "IFP Order").) The IFP Order notified Simmons that he must notify the Clerk in writing if Simmons is transferred to a different correctional facility. (*Id*. at PageID 40.) The IFP Order also notified Simmons that if he failed to comply with any orders of the Court, "the Court may impose appropriate sanctions, up to and including dismissal of this action, without any additional notice or hearing by the Court." (*Id*.) On August 31, 2023, Simmons filed a change of address notifying the Court of his release from incarceration and providing his current address. (ECF No. 8.) On July 2, 2025, the Court screened the complaint pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA") and dismissed Simmons' claims for failure

to state a claim to relief. (ECF No. 9 (the "Screening Order")). The Court granted leave to amend within twenty-one (21) days of the date of the Screening Order. (*Id*. at PageID 60.) The Clerk mailed a copy of the Screening Order to Simmons at his address of record. The Screening Order warned "[i]f Simmons fails to file an amended complaint within the time specified, the Court will dismiss the complaint with prejudice and enter judgment." (*Id.* at PageID 61.)

Simmons' deadline to submit amended claims expired on Wednesday, July 23, 2025. Simmons has not submitted amended claims or sought an extension of time to do so.

Simmons has not filed any notice with the Clerk that Simmons' address has changed since his change of address filed August 31, 2023. (ECF No. 8.) On July 17, 2025, the Screening Order that was mailed to Simmons on July 2, 2025, was returned undeliverable. (ECF No. 10.)

For these reasons, and for the reasons discussed in the Screening Order, the Court **DISMISSES** this case with prejudice in its entirety. The Court recommends that this dismissal be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021). Judgment will be entered in accordance with the IFP Order and the Screening Order.

Pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), it is **CERTIFIED** that any appeal in this matter by Simmons would not be taken in good faith. If Simmons nevertheless chooses to file a notice of appeal, he must either pay the entire $605 appellate filing fee or submit a new *in forma pauperis* affidavit and a current, certified copy of his inmate trust account statements for the last six months, in compliance with 28 U.S.C. §§ 1915(a)-(b).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED this  14th  day of August, 2025.

                                              /s/ *Samuel H. Mays, Jr.*
                                          SAMUEL H. MAYS, JR.
                                          UNITED STATES DISTRICT JUDGE